IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOE LEE WARE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 7:10-CV-187 |
| | § | |
| WALTER MORTGAGE SERVICING, | § | |
| INC., Defendant | § | |
| | § | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND MAKING FINDINGS AND RECOMMENDATIONS**

By Order of Reference (Docket No. 3) this case has been referred to the undersigned for pretrial management. Plaintiff seeks leave to proceed *in forma pauperis*. Finding that his application accurately reflects his inability to bear or pay the fees or costs in advance, I conclude that his motion should be, and is hereby, GRANTED.

Since this action was filed pursuant to Plaintiff's request to proceed *in forma pauperis*, Plaintiff's Complaint is subject to review under §1915 (e) (2) and to dismissal under Subsection (B) if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted. The District Court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus.*, 941 F. 2d 374, 379 (5th Cir. 1991). In making a §1915 (e) (2) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

1

to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

This is the second complaint Plaintiff has filed complaining of his eviction from his place of residence following a foreclosure of the mortgage on those premises. The first case (7:08-CV-168) was dismissed upon the District Court's adoption of the findings and recommendations of the Magistrate Judge wherein he found that the Plaintiff had failed to articulate a cause of action cognizable by this Court. The factual scenario under which Plaintiff seeks to make a claim is recited in the Memorandum and Recommendations (Docket No. 10) in that case.

Federal courts are courts of limited jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F. 3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke the jurisdiction bears the burden of demonstrating its existence. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir. 2001). Federal courts being courts of limited jurisdiction, "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F. 3d 244, 248 (5th Cir.1996) An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed evidence in the record; or 93) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F. 2d 1380, 1384 (5th Cir. 1989).

In this case, the Plaintiff has sued Walter Mortgage Servicing, Inc., a non-governmental corporation, that he previously alleged initiated the state justice court case that resulted in the

2

issuance of a writ of possession which Plaintiff sought to appeal to the state district court. There is no allegation that the named defendant is a citizen of another state than Texas. Therefore, plaintiff has not invoked the jurisdiction of this court on grounds of diversity of citizenship.

In this case Plaintiff has not made reference to any federal constitutional or statutory provision under which he seeks relief, other than a final reference to "Fair Trade Act." The only federal statute denominated "Fair Trade Act" which related to the sale of securities has been rendered inapplicable. It never related to mortgages, evictions, courts, appeals, bonds or any other matter mentioned in Plaintiff's Complaint herein. The term RoboSigning is a current buzzword and arises out of occurrences unrelated to Plaintiff's eviction.

To the extent that Plaintiff seeks to have this Court overturn the rulings of the state justice and/or district courts, this court does not have jurisdiction to do so due to the Rooker-Feldman doctrine.[1] This doctrine is jurisdictional and may be raised *sua sponte* by the Court.[2]

Searching through Plaintiff's inarticulate-grammerless ramblings, filled with disjointed legal jargon, I glean only three potential claims:

1. that the state district court to whom Plaintiff sought to appeal the result in the justice court case did not consider his "appeal brief."

2. that he was denied his right to an appeal without posting an appeal or too high supercedeas bond even though he had filed a pauper's affidavit in the justice or district courts.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U. S. 462 (1983); Turner v. Chase, 334 Fed. Appx. 657, 2009 U.S. App. LEXIS 13344 (5th Cir. 2009).

[2] *Gary v. Geils*, 82 F. 3d 1362 (7th Cir. 1996).

3. that there was some sort of defect in the use of substituted service permitted under Rule 742a of the Texas Rules of Civil Procedure.

Each of these issues, if they are issues raised by the Plaintiff at all, are matters that could have been brought before and remedied by a Texas Court of Appeals. Rule 20.1 of the Texas Rules of Appellate Procedure permits an indigent to pursue an appeal in a civil case without prepayment of fees or costs upon the filing of an Affidavit of Indigence. And this is true even if the party has previously filed an affidavit of indigence in one of the lower courts. *In re Smith*, 2007 Tex. App. LEXIS 5153 (Tex. App. 2007); *Teague v. Southside Bank*, 2003 Tex. App. 4964 (Tex. App. 2003). Furthermore, Rules 749a-749c of the Texas Rules of Civil Procedure allow appeals of justice court cases upon the filing of a pauper's affidavit. Plaintiff has pled nothing to indicate that these avenues of appeal were properly invoked by him or if invoked were denied to him.

I find that Plaintiff has wholly failed to articulate any cause of action within the jurisdiction of or cognizable by this Court. Accordingly, pursuant to §1915 (e)(2)(B) I recommend to the District Court that this case be dismissed, but *without prejudice* to Plaintiff filing within thirty (30) days a proper motion to reopen accompanied by an amended complaint that adequately articulates a cause of action cognizable by and within the jurisdiction of this Court. And if Plaintiff fails to timely do so, Plaintiff should be required to file a new suit.

It is so FOUND and RECOMMENDED, this 8th day of December, 2010.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

4

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).